David T. LEWIS, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

No. CIV.A. 04–G–2443–S.

United States District Court, N.D. Alabama, Southern Division.

Jan. 11, 2006.

Cheryl D. Chapman, Darryl W. Hunt, Clark & James LLC, Birmingham, AL, for Plaintiff.

Alice H. Martin, Edward Q. Ragland, US Attorney's Office, Birmingham, AL, Arthurice T. Brundidge, Social Security Administration—Office of General Counsel, Atlanta, GA, for Defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

The plaintiff, David T. Lewis, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Plaintiff timely pursued and exhausted his administrative remedies avail-

able before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

### Standard of Review

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, at 1239. Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

### Statutory and Regulatory Framework

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled as that term is defined under the Social Security and the Regulations promulgated thereunder. The Regulations define *disabled* as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months ...." 20 CFR 404.1505(a). For the purposes of establishing entitlement to disability benefits, *physical or mental impairment* is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 20 CFR 404.1508.

▮ In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 CFR 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether [he] has a severe impairment;

(3) whether [his] impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform [his] past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir.1993)(cites to former applicable CFR section); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir.1986). "Once the claimant has satisfied Steps One and Two, [he] will automatically be found disabled if [he] suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform [his] past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope* at 477; *accord, Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir.1995). The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers. *Id.*

### Findings of the ALJ

In the instant case, the ALJ, Jack Ostrander, determined the plaintiff had not engaged in gainful activity since the alleged onset date of disability and that he suffered from a severe impairment. R. 19. Thus, the plaintiff met the first two prongs of the test, but the ALJ concluded the plaintiff did not suffer from a listed impairment nor from an impairment equivalent to a listed impairment. *Id.* The ALJ further found the plaintiff unable to perform his past relevant work. *Id.* The ALJ found the plaintiff to be capable of significant range of light work with limitations and that such jobs existed in significant numbers in the national economy. R. 20.

The ALJ thus found Mr. Lewis not to be disabled and denied him the benefits sought.

### Factual and Procedural Background

Mr. Lewis was forty-nine years old at the time of the administrative hearing. He has a high school equivalency education with no additional vocational training. His past relevant work was as a trailer mechanic, a custodian, and a cab driver. He claimed disability because of mental illness, injuries to his legs, knees, and back, and swelling of his hands and arms with an onset date of May 21, 2001. Benefits were denied by the Social Security Administration initially and upon reconsideration. On October 17, 2002, after an administrative hearing the ALJ denied benefits as well. The Appeals Council denied Mr. Lewis's request for review on June 8, 2004. The ALJ's decision thus became the Secretary's final decision on that date.

### Findings and Holding of the Court

■ The court finds that the ALJ's decision is not based upon substantial evidence and that he erred as a matter of law by ignoring uncontroverted objective medical evidence which supported Mr. Lewis's allegations of pain.

■ Mr. Lewis's chief source of debilitating pain, as alleged, is degenerative disc disease in his lower back. The ALJ noted in his opinion that "[c]omputed tomography of the lumbar spine on February 5, 2001 indicated a central disc bulge at L4–5 with **moderate** spinal stenosis, and **mild** malalignment of the apophyseal joints at L4–5 and L5–S1." R. 15 (emphasis added). Later in the opinion, the ALJ characterizes a later MRI from St. Vincent's Hospital as "essentially similar to the prior imaging." R. 16. He offered no analysis or comparison of the findings nor did he develop the record further by having the findings in the latest imaging explained by a physician. "Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record. This obligation exists even if the claimant is represented by counsel...." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981) (citations omitted). The ALJ did not d so in this case.

The February 23, 2002, radiology report from St. Vincent's Hospital states in part, "There is region of decreased T1 and T2 signal intensity along the inferior end plate of L4, with surrounding decreased T1 and increased T2 signal intensity—findings most likely represent Schmorl's node with edematous discogenic vertebral body end plate change. Similar edematous changes are seen along the superior end plate of L5. **This can be the cause of pain.**" R. 418 (emphasis added). The report further cites **marked** degenerative disc disease at L4–5 whereas, as previously noted, the report from the Birmingham, Alabama, Veterans' Administration Hospital Radiology Clinic on February 6, 2001, stated Mr. Lewis's condition was mild to moderate. R. 181.

A pain assessment completed on July 16, 2002, by physician's assistant William Hackett, who had seen Mr. Lewis over time at the VA hospital, rated his pain as distracting from tasks and as arising from a medical condition that would be expected to cause this degree of pain. R. 377–78. The ALJ dismissed Mr. Hackett's assessment because he is not a physician and because the ALJ found Mr. Hackett's opinions to be inconsistent with medical evidence of record. R. 16. Under the Regulations, once medical evidence establishes the presence of a severe impairment, physicians' assistants testimony or other attestations may be utilized to show severity and how a claimant's impairment affects his ability to work. 20 CFR § 404.1513(e). Here, by the ALJ's own finding, medical evidence established the presence of a se-

vere impairment, and Mr. Hackett's report was consistent with the St. Vincent's report as well as Mr. Hackett's observations of Mr. Lewis over time at the Veterans Hospital. As a treating medical professional who treated the claimant over time, Mr. Hackett's opinion was due greater weight than that of consultants or others who did not treat over time. 20 C.F.R. § 404.1527(d)(2).

The ALJ's finding that the two radiology reports are "essentially similar" is not based on any evidence. The MRI findings revealed a worsening condition and diagnosed a condition sufficient to support Mr. Lewis's allegations of pain to the degree alleged. Schmorl's nodes are essentially vertical disc herniations. The T1 and T2 signal intensity variances are consistent with symptomatic (i.e., pain producing) Schmorl's nodes. "Pathogenesis of Schmorl's Nodes," The Journal Of Bone and Joint Surgery, August 2003, Peng, Wu, Hou, Shang. Pain from these nodes is severe and progressive. *Id.*

 In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Foote*, 67 F.3d at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Id.* (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991)). Medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself.* Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not* required to produce additional, objective proof of the pain itself. *See* 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007] at 1011.

*Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1215 (11th Cir.1991)(emphasis added). Furthermore, "[s]ubjective pain testimony that is supported by objective medical evidence of a condition that can reasonably be expected to produce the symptoms of which the complainant complains is *itself* sufficient to sustain a finding of disability." *Hale v. Bowen*, 831 F.2d 1007, 1011 (1987)(emphasis in original); *accord, Foote*, 67 F.3d at 1561. Therefore, a claimant who testifies to disabling pain and satisfies the three part pain standard must be found disabled unless that testimony is properly discredited.

Mr. Lewis has testified to disabling pain and has produced objective evidence by MRI of the underlying medical condition of marked degenerative disc disease with Schmorl's nodes of such a severity that it can be reasonably expected to give rise to the alleged pain. The plaintiff has thus met his burden of proving his disability. Substantive evidence discrediting this evidence does not exist in the record.

Accordingly, a separate Order will be entered contemporaneously herewith reversing the decision of the Commission and ordering that the benefits sought be awarded.

## FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, the court hereby ORDERS, ADJUDGES, and DECREES that the decision of the Commissioner of the Social Security Administration is hereby REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be awarded the benefits claimed.

The court FURTHER ORDERS that the Commissioner withhold from payments that are determined to be due the plaintiff under this Order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of 42 U.S.C. § 406(b). The Commissioner is directed to advise the court of the amount withheld so that the matter may be set for final determination of the amount of attorney's fee to be allowed plaintiff's counsel for services rendered in representing plaintiff in this cause.

The court further ORDERS pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby granted an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. *This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*