[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 26, 2007
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-14005
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 04-00188-CV-HLM-4

SUSAN D. LANIER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

----------------------------------------------------------------

(October 26, 2007)

Before EDMONDSON, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Susan Lanier, appearing pro se, appeals the district

court's order affirming the denial by the Commissioner of Social Security (the

"Commissioner") of Lanier's application for disability insurance benefits.[1]  No reversible error has been shown; we affirm.

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether correct legal standards were applied.[2] Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Crawford, 363 F.3d at 1158 (internal quotation omitted).  "Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence."  Id. at 1158-59 (internal quotation omitted).  In addition, we may not make credibility determinations, re-weigh the evidence, or substitute our judgment for that of the Administrative Law Judge ("ALJ").  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

A person who applies for Social Security disability benefits must prove her disability.  See 20 C.F.R. § 404.1512.  Disability is the "inability to engage in any

---

[1]Lanier claims that she is affected by many impairments, including fibromyalgia, chronic fatigue, back and shoulder pain, and depression.

[2]In addition, our review is limited to issues raised before the district court.  See Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004).  Therefore, to the extent that Lanier raises claims on appeal that she did not raise before the district court, we decline to address these issues.

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

We first address Lanier's argument that the ALJ improperly discounted the opinion of her treating physician, Dr. Robert Simmons, that because of Lanier's impairments, Lanier was "unable to pursue a regular 8-hour per day job of any type" and was "impaired/disabled from working." "The opinion of a treating physician . . . must be given substantial or considerable weight unless good cause is shown to the contrary." Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (internal quotation omitted). Good cause exists under these circumstances: "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Id. at 1241. If an ALJ disregards the opinion of a treating physician, the ALJ must clearly articulate the reasons for doing so. Id.

In this case, the record shows good cause not to give Dr. Simmons's opinion substantial weight. The ALJ correctly noted that the opinion that Lanier was unable to work was reserved to the Commissioner. See 20 C.F.R. § 404.1527(e)

3

(explaining that a physician's opinion that a claimant is "disabled" or "unable to work" is not a medical opinion and that this opinion is reserved exclusively to the Commissioner). In addition, Dr. Simmons's opinion was conclusory; he neither specifically explained how Lanier's impairments impacted on her ability to work nor provided objective medical evidence to support his findings. See Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991) ("The treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory."). Therefore, substantial evidence supports the ALJ's evaluation of Dr. Simmons's opinion.

We next address Lanier's contention that the ALJ erred in making an adverse credibility determination about her claims of being affected by pain. Credibility determinations about subjective testimony are generally reserved to the ALJ. See Johns v. Bowen, 821 F.2d 551, 557 (11th Cir. 1987). But if the ALJ "decides not to credit such testimony, he must articulate explicit and adequate reasons for doing so." Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). In addition, we have "established a three part 'pain standard' that applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms." Id. This standard requires these things:

(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from the condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Id. "[A] claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Id. The ALJ may consider a claimant's daily activities when evaluating her complaints of pain. See 20 C.F.R. § 404.1529(c)(3).

We conclude that substantial evidence supports the ALJ's adverse credibility determination in this case. The ALJ provided specific reasons for discrediting Lanier's testimony about the severity of her pain. For instance, as the ALJ noted, the record shows that Lanier's pain treatment was intermittent and that she had no significant physical abnormalities. The ALJ also explained that Lanier's testimony about the amount of pain that she experienced was inconsistent with her description of her activities. Lanier explained that she performed household chores (such as doing laundry and vacuuming weekly), went fishing if someone else helped her to reel in the caught fish, drove short distances, did some cooking, engaged in online shopping, cut some parts of the flowers in her yard,

and worked on redecorating her bedroom.[3]  We see no reversible error in the ALJ's assessment of Lanier's credibility.

We turn to Lanier's claim that the ALJ did not present an accurate hypothetical question to the vocational expert ("VE") who testified at Lanier's hearing.  Lanier contends that the hypothetical question did not include all of Lanier's claimed impairments.  For the ALJ to rely on a VE's testimony, the ALJ must pose a hypothetical that adequately describes all the claimant's impairments and accurately reflects the claimant's educational level, age, work skills, and experience.  Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).  But the hypothetical need only include limitations supported by the record.  See id.

Here, the ALJ asked the VE to assume a hypothetical person with impairments that included a restriction to light and sedentary unskilled work in a low-stress environment where the person would not be required to sit for more than two hours at a time or to stand for more than one hour at a time.  The hypothetical also asked the VE to consider tasks that required occasional to frequent use of a person's hands.  The hypothetical question included all of Lanier's credible limitations; and Lanier's additional claimed impairments that

---

[3]Lanier also testified that no tasks existed that she was completely unable to perform.

were not supported by objective medical evidence did not need to be included in the hypothetical.

**AFFIRMED.**