[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 12, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12960
Non-Argument Calendar

_____

D. C. Docket No. 06-01682-CV-JFG-M

JOYCE BARCLAY,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 12, 2008)

Before ANDERSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

Joyce Barclay appeals the district court's order affirming the Commissioner's denial of social security disability benefits, 42 U.S.C. § 405(g). Barclay asserts six issues on appeal, which we address in turn. After review, we affirm the Commissioner's denial of benefits.

## I. STANDARD OF REVIEW

We review a social security case to determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). We review *de novo* the district court's determination regarding remand based on new evidence. *Cherry v. Heckler*, 760 F.2d 1186, 1194 (11th Cir. 1985).

## II. DISCUSSION

*A.     Discrediting Dr. Ufford's medical opinion*

Barclay first contends the Administrative Law Judge (ALJ) erred in discrediting the medical opinion of her treating physician, Dr. Ufford. "[T]he opinion of a treating physician is entitled to substantial weight unless good cause

exists for not heeding the treating physician's diagnosis." *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991). We have held "good cause" exists where the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Lewis*, 125 F.3d at 1440 (internal quotations and citations omitted). If the ALJ disregards or accords less weight to the opinion of a treating physician, the ALJ must clearly articulate his reasons, and the failure to do so is reversible error. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

Good cause existed for the ALJ to discredit Dr. Ufford's findings, and the ALJ clearly articulated specific reasons for rejecting his opinion, namely, that it was inconsistent with his own treatment notes and unsupported by the medical evidence. Although Dr. Ufford prepared two separate statements opining Barclay was disabled and unable to work, nothing in his treatment notes or the medical records through December 31, 2002, indicate Barclay is precluded from working. In addition, the record shows the ALJ attempted to obtain additional records to show treatment for the back pain prior to December 31, 2002, and none were in existence. Further, the first document in the record that Dr. Ufford prepared that states Barclay is disabled fails to state any date as to the onset of disability, and is

3

dated October 14, 2003, more than ten months after Barclay's last date of insurability. The second statement prepared by Dr. Ufford with regard to Barclay's disability is dated May 8, 2006, and states the onset of disability as "at least 3 years." Again, this would indicate Barclay's disabling condition began around May of 2003, more than five months after her last date of insurability. The ALJ's decision to discount Dr. Ufford's opinion was therefore supported by substantial evidence.

B.      *Finding that Barclay's allegations of disability were not credible*

Barclay next asserts the ALJ erred in finding that both her and her husband's subjective allegations of disability were not credible. We have established a three-part test that applies when a claimant attempts to demonstrate disability through her own testimony of pain or other subjective symptoms. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The test requires that the claimant establish:

> (1) evidence of an underlying medical condition and either
> (2) objective medical evidence that confirms the severity of the
> alleged pain arising from that condition or (3) that the objectively
> determined medical condition is of such a severity that it can be
> reasonably expected to give rise to the alleged pain.

*Id.* "If the ALJ decides not to credit such testimony, he must articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective pain testimony requires, as a matter of law, that the testimony be

4

accepted as true." *Id.* (citation omitted). In rejecting a claimant's subjective testimony, the ALJ need not specifically refer to every piece of evidence in his decision, "so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable the district court or [us] to conclude that the ALJ considered her medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (quotations and alterations omitted). In addition, "the ALJ should state the weight he accords to each item of impairment evidence and the reasons for his decision to accept or reject that evidence, including all testimony presented at the . . . hearing . . . ." *Lucas v. Sullivan*, 918 F.2d 1567, 1574 (11th Cir. 1990).

The ALJ articulated explicit and adequate reasons for discrediting Barclay's and her husband's subjective testimony, namely, that her medical records were inconsistent with disability on or before December 31, 2002. Further, the stated reasons are supported by the record. First, the findings of Drs. Wilson and Arnold are not material to the relevant time period. Second, the medical evidence as of December 31, 2002, showed Barclay suffered from chronic asthmatic bronchitis; tobacco abuse; nasal airway obstruction secondary to nasal septal deviation; chronic urticaria/hives; anxiety; and recurrent urinary tract infections, but none of these impairments were disabling or were of such severity that they could reasonably cause disability. As discussed above, there was a lack of medical

5

evidence in the record to show the existence of an underlying disabling medical condition on or before her last date of insurability.  Thus, the ALJ's decision to discredit the testimony of Barclay and her husband was supported by substantial evidence.

C.    *Finding Barclay had failed to show she suffered from a mental impairment under Listings 12.04 and 12.06*

Barclay next contends the ALJ erred in finding she had failed to show she suffered from a mental impairment under Listings 12.04 and 12.06.  The claimant has the burden of proving an impairment meets or equals a listed impairment. *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991).  "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002).  Listing 12.04 provides that a claimant is disabled if she has a sufficiently severe "disturbance of mood, accompanied by a full or partial manic or depressive syndrome." 20 C.F.R. § 404, Subpt. P, App. 1, Listing 12.04.  Listing 12.06 provides that a claimant is disabled if she suffers from anxiety and that "anxiety is either the predominant disturbance or it is experienced if the individual attempts to master symptoms; for example, confronting the dreaded object or situation in a

6

phobic disorder or resisting the obsessions or compulsions in obsessive compulsive disorders." 20 C.F.R. § 404, Subpt. P, App. 1, Listing 12.06.

There were three mental health reports done on Barclay, none of which show that Barclay met Listings 12.04 or 12.06. The first report was done by Dr. Warren, a state agency psychologist, who reviewed the records for the period of October 31, 1996, to December, 31, 2002, and opined they were not sufficient to rate the severity of Barclay's condition prior to her last date of insurability. The second report was by Dr. Wilson, a licensed psychologist, who evaluated Barclay on July 23, 2003. Although Dr. Wilson opined Barclay had a "clinically significant level of depression and anxiety," and there was a "close relationship between her depression, her anxiety, and her somatic concerns," his report stated Claimant's "psychological status at this time makes it highly unlikely that she could function in any type of occupational setting." This report is not relevant to the time period before December 31, 2002. The third report, done by Dr. Arnold, concluded Barclay performed activities of daily living independently, maintained significant relationships, and contributed to maintaining the household. Dr. Arnold also completed a Medical Source Opinion Form (Mental) in which she stated Barclay had moderate limitations in the following areas: (1) responding appropriately to supervisors; (2) responding appropriately to customers or other members of the

general public; (3) dealing with changes in a routine work setting; and (4) maintaining social functioning. In all other areas of functioning, Dr. Arnold found that Barclay had mild or no limitations. The records from Dr. Ufford, although they state Barclay suffers from anxiety, do not contain enough information to conclude Barclay met any of the criteria of the Listings.

Since Barclay failed to produce any medical records showing she suffered from any disability under the mental Listings prior to December 31, 2002, her last date of insurability, the ALJ did not err in concluding that Barclay had not met her burden.

D.      *Posing an incomplete hypothetical question to the vocational expert in that it failed to include all her subjective complaints*

Barclay further asserts the ALJ erred in posing an incomplete hypothetical question to the vocational expert (VE) in that the hypothetical failed to include all her subjective complaints. In order for a VE's testimony to constitute substantial evidence that a claimant can perform other work, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). However, the ALJ is not required to include findings in the hypothetical that the ALJ has found to be unsupported. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

The ALJ found that Barclay's residual functional capacity (RFC), on or before December 31, 2002, did not prevent her from performing light work. The ALJ asked the VE to:

> [a]ssume for us an individual who is limited to light work with avoidance of concentrated exposure to temperatures, wetness, humidity, should avoid even moderate exposure to fumes, odors, gases, poor ventilation, plus the individual would have the additional non-exertional limitations due to a mental impairment or impairments, as outlined in the capacity statement, functional capacity statement in Exhibit 7F... [w]ould such an individual be able to perform the job of a deboner, saw hand or sewing machine operator?

As discussed above, the ALJ did not err in finding Barclay's subjective complaints in existence on December 31, 2002 were disproportionate to the medical evidence and not fully credible. The question posed to the VE included all the RFC the ALJ found to be supported by the medical evidence in the record. Accordingly, the ALJ's decision not to include that Barclay could not do any type of work, and to omit Barclay's subjective complaints of psychological problems in the hypothetical to the VE is supported by substantial evidence. *See id.*

E.    *The Appeals Council erred in failing to remand her case for consideration of new evidence*

Barclay asserts the Appeals Council (AC) erred in failing to remand her case for consideration of new evidence under 20 C.F.R. § 404.970(b). The AC "must consider new, material, and chronologically relevant evidence and must review the

case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (quotations omitted). When the AC refuses to consider new evidence submitted to it and denies review, that decision is also subject to judicial review because it amounts to an error of law. *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). When reviewing the AC's denial of review, we must "look at the pertinent evidence to determine if the evidence is new and material, the kind of evidence the AC must consider in making its decision whether to review an ALJ's decision." *Falge v. Apfel*, 150 F.3d 1320, 1324 (11th Cir. 1998).

The record reflects the AC considered the evidence Barclay submitted in deciding not to review her case, and found that it did not provide a basis for changing the ALJ's decision. The AC specifically stated it "considered the reasons [Barclay] disagree[d] with the decision and the additional evidence listed on the enclosed Order of Appeals Council." Thus, the AC did not err by failing to consider the new evidence.

In addition, the AC did not err in declining to review the ALJ's decision in light of the evidence submitted because the evidence was not material. The record shows the additional evidence which Barclay submitted consisted of the following:

10

(1) results of an MRI of the lumbar spine done in May 2006 showing small disc bulges at L2-3 and L4-5, (2) Dr. Ufford's office records dated September 2, 2004, to May 12, 2006, showing that Barclay sought treatment for various complaints, including respiratory problems, COPD, back pain, nerves, and shoulder pain, (3) Dr. Ufford's social security questionnaire dated May 8, 2006, wherein he indicated he had seen Barclay on "over a hundred visits" and that she had been disabled for "at least three years" due to "severe COPD and lumbar degenerative disc disease with chronic low back pain," and (4) records of Dr. Matthew Berchuck dated June 12, 2006, to July 16, 2006, showing he diagnosed Barclay with a herniated disc at L4-5 and performed a right L4-5 laminotomy diskectomy. Since all of these medical records pertain to a time after December 31. 2002, Barclay's last date of insurability, the AC did not err by concluding that the weight of the evidence was not contrary to the ALJ's decision.

F.    *The district court erred in failing to remand the case for reconsideration of new medical evidence*

Finally, Barclay contends the district court erred in failing to remand her case for reconsideration of new medical evidence under 42 U.S.C. § 405(g). "Section 405(g) permits a district court to remand an application for benefits to the Commissioner . . . by two methods, which are commonly denominated 'sentence four remands' and 'sentence six remands . . . .'" *Ingram*, 496 F.3d at 1261. When

11

a claimant submits new evidence to the AC, a reviewing court must consider the entire record, including the evidence submitted to the AC, to determine whether the denial of benefits was erroneous. *Id.* at 1262. Remand is appropriate when a district court failed to consider the record as a whole, including evidence submitted for the first time to the AC, in determining whether the Commissioner's final decision is supported by substantial evidence. *Id.* at 1266-67. The new evidence must relate back to the time period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b).

A sentence four remand is appropriate when "evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record." *Ingram*, 496 F.3d at 1269. A remand under sentence six is "appropriate when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Id.* at 1267 (quotations omitted).

Barclay submitted new evidence for the first time to the AC, which the AC considered, and it became part of the administrative record, thus, the only basis for remanding her case would be a sentence four remand, not a sentence six remand. The record demonstrates the district court considered the evidence submitted by Barclay to the AC when concluding that the decision of the Commissioner was

12

supported by substantial evidence. As discussed earlier, the district court did not err in finding the evidence was not material because it did not relate to the relevant time period. Therefore, the district court did not err in refusing to remand the case under sentence four. *See Ingram*, 1266-67.

## III.  CONCLUSION

The ALJ did not err in discrediting both the disability opinion of Barclay's treating physician and Barclay's allegations of disability, and did not err in determining that Barclay failed to present medical evidence that she met the requirements of disability under the Listings. In addition, in light of her determination that substantial evidence supported that Barclay had the RFC to perform limited, unskilled light work, the ALJ did not pose an improper hypothetical to the VE. Finally, because the new medical evidence did not render the ALJ's decision contrary to the weight of the record, the AC did not err in denying review and refusing to remand. Likewise, because this new evidence was not material, the district court did not err in refusing to remand the case under sentence four of 42 U.S.C. § 405(g). Accordingly, we affirm.

**AFFIRMED**.