[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11876
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00437-CV-3-RV-MD

MARGARET PETTAWAY,

                                                              Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,

                                                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 26, 2010)

Before EDMONDSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Margaret Pettaway, appearing pro se, appeals the district court's order affirming the Social Security Commissioner's denial of Pettaway's application for disability insurance benefits.[*]  No reversible error has been shown; we affirm.

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied.  Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).  Under this limited standard of review, we may not make fact-findings, re-weigh the evidence, or substitute our judgment for that of the Administrative Law Judge ("ALJ").  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

A person who applies for Social Security disability benefits must prove her disability.  See 20 C.F.R. § 404.1512.  Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

_____

[*]Pettaway claimed that she was affected by many impairments, including fibromyalgia, lumbar disc disease, arthritis, obesity, and depression.

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

We first address Pettaway's contention that the ALJ erred in making an adverse credibility determination about her claims of being affected by pain. Credibility determinations about subjective testimony generally are reserved to the ALJ. See Johns v. Bowen, 821 F.2d 551, 557 (11th Cir. 1987). But if the ALJ "decides not to credit such testimony, he must articulate explicit and adequate reasons for doing so." Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). In addition, we have "established a three part 'pain standard' that applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms." Id. This standard requires these things:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.

Id.

Here, the ALJ concluded that Pettaway's medically determinable impairments could reasonably be expected to produce the extreme physical and mental restrictions alleged but that the objective medical evidence did not support the severity of the alleged limitations. We conclude that substantial evidence

supports the ALJ's adverse credibility determination. The ALJ provided specific reasons for discrediting Pettaway's testimony about the severity of her pain: that the reports of several specialists (including an orthopedist and a pain management specialist) who evaluated Pettaway described normal physical examinations with only mild to moderate limitations and that Pettaway's testimony about her daily activities belied her contentions about the severity of her pain. See 20 C.F.R. § 404.1529(c)(3) (the ALJ may consider a claimant's daily activities when evaluating her complaints of pain). We see no reversible error in the ALJ's assessment of Pettaway's credibility.

We next address Pettaway's argument that the ALJ improperly discounted the opinion of her treating physician (Dr. Hakima) that Pettaway suffered from marked limitations and virtually incapacitating pain so that Pettaway was restricted from working. A treating physician's testimony "must be given substantial or considerable weight unless good cause is shown to the contrary." Crawford, 363 F.3d at 1159 (citation omitted). Good cause exists under these circumstances: (1) the treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004). The ALJ clearly must

4

articulate reasons for giving less weight to the treating physician's opinion. Id. at 1241.

In this case, the record shows good cause not to give substantial weight to Dr. Hakima's opinion. Dr. Hakima's assessment went against the balance of objective medical evidence and was based mainly on Pettaway's subjective complaints. Other medical evidence in the record documented predominantly normal physical examinations with only mild limitations. Dr. Hakima also was not a specialist; and the ALJ chose to give more credit to specialists' assessments that Pettaway was limited to light work. Therefore, substantial evidence supports the ALJ's evaluation of Dr. Hakima's opinion.

We turn to Pettaway's argument that the ALJ erred in determining that she could perform a significant number of jobs in the national economy. When a claimant proves that she no longer can perform her past relevant work, the burden shifts to the Commissioner to show that, in the light of the claimant's residual functional capacity ("RFC"), age, education, and work experience, "there is other work available in significant numbers in the national economy that the claimant is able to perform." Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). "The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture."

5

Wilson, 284 F.3d at 1227.

The "preferred method" of demonstrating that a claimant can perform other jobs is through the testimony of a vocational expert ("VE"). Id. For a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question that comprises all of the claimant's impairments. See Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1220 (11th Cir. 2001). But the ALJ is not required to include in the question claims of impairment that he has found to be unsupported. Crawford, 363 F.3d at 1161.

Here, based on the VE's testimony, the ALJ determined that Pettaway was unable to perform her past relevant work, but had the RFC to perform other light or sedentary unskilled work existing in significant numbers in the national economy, including positions as a bench assembler, mail clerk, light-duty housekeeper, and credit card solicitor. The ALJ posed a hypothetical question about the work abilities of someone with the same educational and vocational history as Pettaway and that encompassed the limitations described by several of the doctors who treated and evaluated Pettaway: someone who could perform light work with mild physical limitations in climbing, kneeling, and crawling, and moderate mental limitations in concentration, persistence, pace, and the ability to understand, remember, and carry out detailed instructions. The VE's opinion was not based on

6

the limitations described by Dr. Hakima; but, as noted, the ALJ permissibly discounted Dr. Hakima's assessment of Pettaway's limitations. Because the hypothetical posed included all the credible physical and mental limitations that the ALJ determined were supported by the record, the VE's testimony that Pettaway could perform a significant number of light, unskilled jobs in the national economy constitutes substantial evidence to support the ALJ's determination. See Vega, 265 F.3d at 1220.

AFFIRMED.