**Clara HOLT, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant–Appellee.**

**No. 89–6010.**

United States Court of Appeals, Eleventh Circuit.

Jan. 22, 1991.

Emily W. Lawyer, Tampa, Fla., Steve E. Moody, Moody & Jones, P.A., Plantation, Fla., for plaintiff-appellant.

Dexter Lehtinen, U.S. Atty., Grisel Alonso, Sp. Asst. U.S. Atty., Miami, Fla., Mary Rice, Elyse S. Sharfman, Mary Ann Sloan, Mack A. Davis, Bruce R. Granger, U.S. Dept. of Health and Human Services, Atlanta, Ga., for defendant-appellee.

Before KRAVITCH and ANDERSON, Circuit Judges, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

Clara Holt appeals from the district court's affirmance of the Secretary's denial of disability benefits. She asserts that the Secretary did not give proper weight to her subjective complaints of pain and discomfort because he did not apply the correct legal standard to those claims. Holt also contends that the Secretary erred in finding that she was not disabled as a result of obesity and in not obtaining a medical expert to interpret the evidence of obesity that she presented. We reverse the Secretary's determination regarding Holt's subjective complaints and remand for the application of the proper standard. We affirm the Secretary's remaining determinations.

## BACKGROUND

Holt is 5′2″ tall and has consistently weighed 315 pounds since 1981. She testified at the administrative hearing that she is unable to stand for more than one hour or walk more than one block without becoming short of breath. She also described discomfort if she sits for an extended period. In addition, Holt produced medical records that demonstrated a long history of hypertension and complaints of fatigue, dizziness and nervousness at various times.

Holt has not worked since 1981. She had previously held several light and sedentary jobs. She worked at a naval ordnance depot for seven years until about 1975. She then worked for the next three years as a seamstress making house slippers. The job required that she sit at a sewing machine all day, which caused swelling in her legs. Holt testified that by the end of the day her hands were numb and her feet "would feel like they were going to crack up and ... it hurt every time I walk on them." She quit the seamstress job because of a dispute with the employer over the amount of time she spent away from her machine on bathroom breaks necessitated by her blood pressure medicine and exercising her legs to reduce swelling.

Holt also worked for two or three months in a turkey processing factory. The job required that she work standing up, which also caused Holt discomfort. She next tried a seamstress job making draperies, but found that prolonged periods of sitting caused the same problems as on the previous seamstress job. The new job also required lifting and pulling, which caused her arms to hurt.

Holt claimed disability from July 1, 1981, the alleged onset date, until March 31, 1984, the last day on which she met the disability earnings requirement. An ALJ denied the claim. He held that, while Holt's physical condition prevented her from doing work that required exertion, it did not prevent her from returning to the kind of sedentary work that she had done as a seamstress. The ALJ found no evidence of any nonexertional impairment despite Holt's testimony regarding the discomfort she experienced while working as a seamstress and turkey processor. He also determined that, under the regulations, Hold did not qualify for disability

based on obesity, and he declined to obtain expert medical testimony on whether Holt met the requirements of the obesity regulations.

The Appeals Council affirmed the ALJ's ruling, and Holt sought review in district court. The district court adopted the magistrate's report and affirmed the ALJ's determinations.

## DISCUSSION

Holt contends that the district court erred in affirming the Secretary's rejection of her disability claim because the ALJ did not give appropriate weight to her testimony regarding pain and other symptoms of her disability. We agree.[1]

■ This court has established a three part "pain standard" that applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms. The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *See Landry v. Heckler,* 782 F.2d 1551, 1553 (11th Cir. 1986). The standard also applies to complaints of subjective conditions other than pain. *Jackson v. Bowen,* 873 F.2d 1111, 1114 (8th Cir.1989).

■ The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir.1987); *MacGregor v. Bowen,* 786 F.2d 1050 (11th Cir.1986); *Landry,* 782 F.2d at 1152. If the ALJ decides not to credit such testimony, he must articulate explicit and adequate reasons for doing so. *Hale,* 831 F.2d

at 1011. Failure to articulate the reasons for discrediting subjective pain testimony requires, as a matter of law, that the testimony be accepted as true. *Cannon v. Bowen,* 858 F.2d 1541, 1545 (11th Cir.1988); *Hale,* at 1054; *MacGregor,* 786 F.2d at 1054.

■ The decision by the ALJ contains no indication that he applied this standard. His findings contain only the bare conclusion that "the claimant is capable of undertaking a full range of sedentary and light exertion.... The undersigned has found no evidence of any nonexertional impairment...." He made no mention of the evidence of at least two underlying medical conditions—obesity and hypertension—that might have satisfied the first prong of the standard.[2] One or both of these conditions could have given rise to the pain, swelling and fatigue of which Holt complained.

Neither did the ALJ make findings on whether Holt's claims of pain and other subjective symptoms satisfied the second or third prongs of the pain standard. The findings contain no indication that he considered whether Holt's claims were either confirmed by objective medical evidence or could reasonably have been expected to give rise to the pain alleged. In short, the ALJ did not apply the pain standard as is required by law.

■ It would have been within the ALJ's discretion to determine, after listening to Holt's testimony, that her claims of pain and other symptoms were not credible. *See Landry,* 782 F.2d at 1554 (ALJ's factual determinations entitled to deference). But the ALJ's discretionary power to determine the credibility of testimony is limited by his obligation to place on the record explicit and adequate reasons for rejecting that testimony. *Cannon,* at 1545. Thus, because the ALJ's findings do not set out whether or for what reason he discredited

1. Neither of Holt's other arguments merits extended discussion. She did not establish that her condition met the detailed requirements for disability based on obesity set out in 20 C.F.R. Part 404, Subpart P, Appendix 1 § 10.10. Nor did she show that a medical expert was needed to enable the ALJ to rule on her obesity claim.

2. Holt's medical records also contained some evidence of other possible underlying conditions, such as heart disease, diabetes and a knee injury.

Holt's testimony, that testimony must be accepted as true. *Id.*

On remand the ALJ should determine whether, accepting her testimony as true, Holt has presented evidence sufficient to satisfy the elements of the pain standard and set out on the record his reasons for that conclusion. Moreover, under the circumstances, Holt and the Secretary should be given the opportunity to present additional evidence if they so desire.

AFFIRMED in part, REVERSED and REMANDED in part.