[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 23, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11954
Non-Argument Calendar

_____

D. C. Docket No. 03-00290-CV-WDO-5

FRANKIE L. DIXON,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(September 23, 2005)**

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Frankie L. Dixon, pro se, appeals the district court's order affirming the denial of his application for benefits by the Commissioner of the Social Security Administration. We affirm.

On August 20, 1999, Frankie L. Dixon, pro se, filed an application for disability insurance benefits and supplemental security income pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). The administrative law judge determined that Dixon was not disabled and denied his application. Dixon sought judicial review of the decision in the district court. The district court remanded the case under § 405(g) because the Commissioner had discovered there was evidence missing from the transcript. Following the filing of a corrected transcript, the case was re-opened in the district court.

Local Rule 9.2 required Dixon to file a brief supporting his complaint and detailing errors in the Commissioner's final decision within thirty days. Dixon did not comply with the rule. Approximately one year after the deadline had passed, the magistrate judge ordered Dixon to explain why he had not filed a brief. Dixon responded that he "was dealing with the death of my mother ... as well as, the stress and pressure of my present situation."

The magistrate judge recommended that Dixon's complaint be dismissed for failure to comply with the local rule. The district court issued an order that

appeared to accept the magistrate judge's recommendation, but that order also recites that the court had reviewed the record and found that the record supported the Commissioner's findings: "After carefully reviewing the entire record and finding that the record supports the SSA's findings ... ." We interpret this language as at least an alternative holding that the denial of benefits was due to be affirmed even if Dixon had not failed to comply with the local rule. We will proceed on that assumption, since the denial of benefits was proper on the merits rendering it unnecessary for us to decide whether any procedural component of the district court's decision is correct.

Dixon must complete a multi-step process in order to establish that he is disabled for the purposes of the disability insurance and supplemental security income programs. See Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997). First, Dixon must prove that he has not engaged in substantial gainful activity. See Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). Second, he must prove that he has a severe impairment or combination of impairments. See id. Third, he must show that his impairment or combination of impairments matches those contained in a list of impairments. See id. If he cannot prevail at the third step, he must proceed to the fourth step and show that he is unable to perform his past relevant work. See id. If Dixon succeeds at that, at the fifth step the burden shifts to the

Commissioner to show that there is other work Dixon can perform.  See id.  If the Commissioner meets her burden at the fifth step, Dixon must prove that he is unable to perform that work.  See id.

Because Dixon attempts to establish disability through his own testimony of pain or other subjective symptoms, he must also satisfy a three-part "pain standard."  See Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).  The pain standard requires:  (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (3) evidence that the objectively determined medical condition is so severe that it can be reasonably expected to give rise to the alleged pain.  See id.

We must determine whether substantial evidence supports the Commissioner's decision and whether correct legal standards were applied.  Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (citation and internal marks omitted).

Substantial evidence does support the Commissioner's decision.  Three physicians who examined Dixon found no objective evidence that he was

physically limited.  The record indicated that Dixon had the physical capacity to do basic work activity with only a "minimal limitation on his ability to function independently, appropriately, and effectively in an age-appropriate manner."  The objective medical evidence did not reflect that Dixon's pain was as severe as he alleged or that he suffered from a condition so severe that it would give rise to the pain he claimed.  The record further indicated that Dixon had no significant mental impairment.  Accordingly, substantial evidence supported the Commissioner's finding that Dixon did not have a severe impairment because he was not significantly limited by a physical or mental impairment.

**AFFIRMED.**