[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 18, 2006
THOMAS K. KAHN
CLERK

No. 05-14493
Non-Argument Calendar

_____

D. C. Docket No. 03-00154-CV-1-MP-AK

DENZOAL E. SANDERS,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(April 18, 2006)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Denzoal Sanders appeals the district court's order affirming the Commissioner's denial of his application for disability insurance benefits, 42 U.S.C. § 405(g), and supplemental security income, 42 U.S.C. § 1393(c)(3), for the period before July 1, 1998. Sanders asserts he presented the ALJ with credible testimony and sufficient medical evidence that he was disabled before July 1998.

We review a social security case to determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998) (citation omitted).

We have explained our review of a claim of disability based on pain in this way:

> This Court has established a three part "pain standard" that applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms. The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from the condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "[A] claimant's subjective testimony supported by medical evidence that satisfies the standard is itself

sufficient to support a finding of disability." *Id.* Credibility determinations with respect to the subjective testimony are generally reserved to the ALJ. *See Johns v. Bowen*, 821 F.2d 551, 557 (11th Cir. 1987). However, "[i]f the ALJ decides not to credit such testimony, he must articulate explicit and adequate reasons for doing so." *Holt*, 921 F.2d at 1223.

The ALJ concluded Sanders' subjective testimony regarding the level and duration of pain he experienced before July 1, 1998 was not credible, and this credibility assessment is reserved to the ALJ. *See Johns*, 821 F.2d at 557. The ALJ articulated explicit and adequate reasons for making this assessment about Sanders' condition before July 1, 1998, and these stated reasons are supported by the record. In 1995, Sanders' treating physician concluded Sanders could walk, get in and out of a chair, and lay down without difficulty. He also concluded Sanders did not have severe back spasms or root nerve damage. In addition, when another physician treated Sanders in 1997, he concluded Sanders' pain was "subjective" and that it was unlikely he had any severe nerve-root pain. Furthermore, before July 1, 1998, Sanders worked with a hammer and chisel and with solder and steel, which contradicted his testimony that he was in too much pain to work during this period. He also helped his wife selling items at flea markets on Saturdays and Sundays until 1998. Thus, it is reasonable to infer Sanders' pain was not as severe

3

as he alleged regarding the period before July 1, 1998. Substantial evidence supports the ALJ's determination that Sanders was not disabled before July 1, 1998.

AFFIRMED.