[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11050
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00018-CV-1-MP-WCS

VELMA PRESTON,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
Commissioner of the Social
Security Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 29, 2006)

Before ANDERSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Velma Preston appeals the district court's order affirming the Social

Security Commissioner's denial of her application for supplemental security

income benefits, filed pursuant to 42 U.S.C. § 1383(c)(3). On appeal, Preston argues that the administrative law judge ("ALJ") erred by discrediting her testimony concerning her subjective pain symptoms. After careful review of the record and the parties' briefs, we affirm.[1]

Our review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied. See 42 U.S.C. § 405(g); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004); McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988). Preston's challenge to the ALJ's credibility finding concerns a finding of fact, which we review to determine if it is supported by substantial evidence. Martin v. Sullivan, 894 F.2d 1520, 1529–30 (11th Cir. 1990). We may not reweigh the evidence or substitute our own judgment for that of the ALJ. Id. at 1529. A claimant applying for social security income benefits bears the burden to prove that she is disabled, within the

---

[1]The role of the district court, as well as this Court, in a social security appeal is to review the ALJ's findings of fact to determine if they are supported by substantial evidence and to determine whether the ALJ applied the correct relevant law. Martin v. Sullivan, 894 F.2d 1520, 1529–30 (11th Cir. 1990). A magistrate judge's findings on a "factual issue, adopted by the district court without objection by either party, [are] not subject to attack on appeal except on grounds of plain error or manifest injustice." United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988). Here, neither the magistrate judge nor the district court made factual findings, but rather, reviewed the evidence to determine if substantial evidence supported the ALJ's decision. Thus, the Commissioner's argument concerning the requirement that a party object to a magistrate judge's factual findings in order to preserve it for our review is misplaced.

meaning of 42 U.S.C. § 423(d)(1)(A). Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).

When a claimant attempts to establish disability through her own testimony of pain or other subjective symptoms, she must show: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Testimony that meets this standard can be sufficient to show disability, and if the ALJ discredits such testimony, he must articulate explicit and adequate reasons, and this articulation must be supported by substantial evidence. Hale v. Bowen, 831 F.2d 1007, 1011-12 (11th Cir. 1987).

Here, the ALJ properly articulated the pain standard and the factors to consider when evaluating Preston's pain and other subjective symptoms. The ALJ considered the medical findings of three treating doctors and one Social Security Administration doctor, Preston's own testimony, and the testimony of a vocational expert who opined on jobs that were available to a person with Preston's restrictions. The ALJ made these findings: (1) that after Preston's November 1, 2002 surgery for carpal tunnel syndrome and de Quervain's disease (a condition

similar to carpal tunnel syndrome, but affecting tendons around the thumb instead of in the wrist), she failed to seek further treatment for her allegedly disabling condition; (2) that she was able to control her symptoms using only over-the-counter medication; and (3) that the medical evidence did not support Preston's testimony as to the severity and persistence of her symptoms, including one examining physician's finding that Preston made repeated and forceful use of the limb she claimed was disabled. These reasons are explicit, adequate, and supported by substantial evidence in the record. Hale, 831 F.2d at 1011-12.

In short, substantial evidence supports the ALJ's decisions with respect to weighing the evidence and evaluating Preston's impairments. Accordingly, we affirm.

**AFFIRMED.**

4