[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10616
Non-Argument Calendar

_____

D. C. Docket No. 08-00663-CV-G-S

THERMAN JERRY DAVIS,

Plaintiff-Appellee,

versus

SOCIAL SECURITY ADMINISTRATION,
COMMISSIONER,
Michael J. Astrue,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 23, 2009)

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

The Commissioner of the Social Security Administration appeals the district court's order reversing the Administrative Law Judge's (ALJ's) denial of benefits to Therman Jerry Davis. The Commissioner contends substantial evidence supported the ALJ's determination Davis was not eligible for disability benefits, and the district court erred in ruling to the contrary.

We review *de novo* a district court's decision whether substantial evidence supports the ALJ's decision. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). If the ALJ fails to articulate the reasons for discrediting subjective testimony, however, the testimony is accepted as true. *Wilson*, 284 F.3d at 1225; *see also Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) ("[T]he ALJ's discretionary power to determine the credibility of testimony is limited by his obligation to place on the record explicit and adequate reasons for rejecting that testimony.").

"An individual claiming Social Security disability benefits must prove he or she is disabled." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Social security "regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Id.*

We apply a three-part pain standard when a claimant seeks to establish disability through his own testimony regarding pain or other subjective symptoms. *Holt*, 921 F.2d at 1223 ("The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.").

The ALJ provided in the record specific reasons for disbelieving Davis's testimony regarding his pain and physical limitations. Citing the medical records provided by Davis, the ALJ noted that Davis's respiratory, cardiovascular, neurological, and musculoskeletal examinations were within normal limits, notwithstanding Davis's health complaints, which included shortness of breath, dizziness, and acute hip pain. The ALJ likewise cited several specific findings from the consultative physical examination performed on Davis, which he deemed consistent with the remaining medical records, and inconsistent with Davis's subjective pain and limitation reports. Finally, medical records tracking Davis's blood pressure over the year following his cessation of work were highlighted by the ALJ as indicative of a level of health inconsistent with that reported by Davis. In sum, the ALJ provided a clear articulation of his reasons for rejecting Davis's

3

testimony, and provided substantial supporting evidence for that finding, consistent with our precedent. *See Foote*, 67 F.3d at 1562; *Holt*, 921 F.2d at 1223.

Admittedly, the ALJ also substantiated his credibility findings with purported inconsistencies between Davis's accounts of his daily living activities and the ailments or limitations he reported. In overturning the ALJ's ruling, the district court ignored the several medical bases the ALJ articulated in his written decision for denying Davis's claim for benefits. The ALJ's adverse determination was supported by substantial evidence in the administrative record, and the district court erred in reversing the ALJ. Thus, we reverse the district court.

**REVERSED.**