[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 13, 2009
THOMAS K. KAHN
CLERK

No. 09-10840
Non-Argument Calendar

_____

D. C. Docket No. 07-00210-CV-1-MMP-WCS

JOHN CARMAN,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 13, 2009)

Before DUBINA, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant John Carman, through counsel, appeals the district court's order

affirming the Commissioner of Social Security's (the "Commissioner") denial of his application for disability insurance benefits, 42 U.S.C. § 405 *et seq.*, and supplemental security income ("SSI"), 42 U.S.C. § 1381 *et seq.* On appeal, Carman argues that the Administrative Law Judge ("ALJ") ignored and failed to evaluate properly the opinions of his treating physicians. Carman also argues that the ALJ failed to give "explicit and adequate reasons" for discrediting his subjective complaints of pain.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). "Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Id.* at 1158-59 (internal quotation marks omitted). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks and alteration omitted). "Review of the Secretary's application of legal principles is plenary." *Foote v.*

*Chater*, 67 F.3d 1553, 1558 (11th Cir. 1995).

The Social Security Regulations outline a five-step process used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). Under the first step, the claimant has the burden to show that he is not currently engaged in substantial gainful activity. *Id.* § 404.1520(b). Next, he must show that he has a severe impairment. *Id.* § 404.1520(c). He then must attempt to show that the impairment meets or equals the criteria contained in one of the Listings of Impairments. *Id.* § 404.1520(d). If the claimant cannot meet or equal the criteria, he must show that he has an impairment which prevents him from performing his past relevant work. *Id.* § 404.1520(e) and (f). Once a claimant establishes that he cannot perform his past relevant work due to some severe impairment, the burden shifts to the Commissioner to show that significant numbers of jobs exist in the national economy which the claimant can perform. *Id.* § 404.1520(g); *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).

## A. The ALJ's consideration of the medical evidence

The opinions of examining or treating physicians generally are given more weight than non-examining or non-treating physicians unless "good cause" is shown to the contrary. *See* 20 C.F.R. § 404.1527(d); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists to discredit a physician's

3

testimony when a physician's opinion is conclusory, inconsistent with his own medical records, or contrary to the evidence contained in the record. *Lewis*, 125 F.3d at 1440.

Based on our review of the record, we conclude that Carman has shown no error in the ALJ's treatment of the medical evidence, as he did not show that the ALJ overlooked or improperly discounted any of the evidence.

**B.    The ALJ's evaluation of Carman's subjective complaints of pain**

When a claimant attempts to establish disability through his own testimony concerning pain or other subjective symptoms, we apply a three-part "pain standard," which requires (1) evidence of an underlying medical condition and either (A) objective medical evidence that confirms the severity of the alleged pain stemming from that condition, or (B) that the objectively determined medical condition is so severe that it can reasonably be expected to cause the alleged pain. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

"After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence."

*Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). The ALJ must explicitly and adequately articulate his reasons if he discredits a claimant's subjective testimony. *Id.* "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562; *see also Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) ("We recognize that credibility determinations are the province of the ALJ."). "The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable . . . this Court to conclude that the ALJ considered [the] medical condition as a whole." *Dyer*, 395 F.3d at 1210 (internal quotation marks and alterations omitted). When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms. *See* 20 C.F.R. § 404.1529(c)(3).

The ALJ articulated various inconsistencies in Carman's evidence that a reasonable person could conclude supported the ALJ's finding that Carman's subjective complaints of pain were not entirely credible. Thus, we conclude that substantial evidence supported the ALJ's finding.

5

**C.     The ALJ's hypothetical to the vocational expert**

When a claimant cannot perform a full range of work at a given level of exertion or has non-exertional impairments that significantly limit basic work skills, the ALJ can determine whether a claimant can perform other jobs through the testimony of a vocational expert ("VE"). *Phillips*, 357 F.3d at 1240. "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (internal quotation marks omitted). The ALJ is not required to include findings in the hypothetical that he properly finds are unsupported. *Crawford*, 363 F.3d at 1161.

Because the ALJ proposed a hypothetical to the VE that included all of Carman's credible limitations, we conclude that the VE's testimony, that there was a significant number of jobs in the national economy that a person with Carman's impairments could perform, constituted substantial evidence that he was not disabled.

Accordingly, based on our review of the record and consideration of the parties' briefs, we affirm the district court's order affirming the Commissioner's denial of disability benefits and supplemental security income.

**AFFIRMED.**