[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14795
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00206-CV-OC-GRJ

BENEDICT W. TALBOT, JR.,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 16, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Benedict W. Talbot, Jr., through counsel, appeals the magistrate judge's

order affirming the Commissioner of Social Security's ("Commissioner") denial of his application for disability insurance benefits, 42 U.S.C. § 405(g). At the administrative hearing, Talbot testified that his pain averaged a four to six on a scale of one to ten. In determining that Talbot had not been disabled, the Administrative Law Judge ("ALJ") found, *inter alia*, that Talbot's subjective complaints that he experienced constant pain at a level nine on a scale of one to ten were not fully credible. On appeal, Talbot argues that the ALJ's finding that his subjective complaints of pain were not credible was not supported by substantial evidence and was made in violation of the laws of this Circuit.

We review a Commissioner's decision to determine whether it is supported by substantial evidence and whether the proper legal standards were applied. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). "Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Id.* at 1158-59 (internal quotation marks omitted). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Dyer v. Barnhart*, 395

F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (internal quotation marks and alteration omitted). "Review of the Secretary's application of legal principles is plenary." *Foote v. Chater*, 67 F.3d 1553, 1558 (11th Cir. 1995).

The Social Security Regulations outline a five-step process used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). Under the first step, the claimant has the burden to show that he is not currently engaged in substantial gainful activity. *Id.* § 404.1520(b). Next, he must show that he has a severe impairment. *Id.* § 404.1520(c). He then must attempt to show that the impairment meets or equals the criteria contained in one of the Listings of Impairments. *Id.* § 404.1520(d). If the claimant cannot meet or equal the criteria, he must show that he has an impairment which prevents him from performing his past relevant work. *Id.* § 404.1520(e), (f). Once a claimant establishes that he cannot perform his past relevant work due to some severe impairment, the Commissioner will consider whether significant numbers of jobs exist in the national economy that the claimant can perform. *Id.* § 404.1520(g); *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).

When a claimant attempts to establish disability through his own testimony concerning pain or other subjective symptoms, we apply a three-part "pain standard," which requires (1) evidence of an underlying medical condition and (2)

3

either (A) objective medical evidence that confirms the severity of the alleged pain stemming from that condition, or (B) that the objectively determined medical condition is of a severity that can reasonably be expected to cause the alleged pain. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam).

"After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam). The ALJ must explicitly and adequately articulate his reasons if he discredits subjective testimony. *Id.* "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562; *see also Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) ( per curiam) ("We recognize that credibility determinations are the province of the ALJ."). "The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable . . . this Court to conclude that the ALJ considered [the] medical condition as a whole." *Dyer*, 395 F.3d at 1210 (internal quotation marks

4

and alterations omitted). When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms. *See* 20 C.F.R. § 404.1529(c)(3).

Here, the ALJ based its finding that Talbot's allegations of pain and functional limitations were not fully credible on an incorrect reading of his testimony. The ALJ stated that Talbot alleged that he is in constant pain and the pain is a nine on a scale of one to ten. At the hearing, Talbot stated that he experienced constant pain, that the pain was a seven plus in 1999, and that the pain was in the four to six range at the time of the hearing. The ALJ discredited Talbot's allegations of pain and functional limitations in part because the allegation of pain rating a nine was not supported by objective medical evidence or testimony regarding Talbot's daily activities. Had the ALJ compared Talbot's actual testimony of pain averaging a four to six with the medical evidence and his daily activities, he may have found that moderate level of pain consonant with other evidence and accordingly given more weight to Talbot's testimony regarding his pain and functional limitations. In this context, we cannot hold this error harmless because consideration of a moderate level of pain and the possibility of stricter

5

functional limitations could affect the ALJ's residual functional capacity analysis.[1]

Accordingly, based on our review of the record and consideration of the parties' briefs, we vacate and remand to the ALJ for further proceedings.

**VACATED AND REMANDED.**

---

[1] We note that we express no opinion on the merits of Talbot's claim for benefits in light of a proper reading of his testimony. It is for the ALJ to decide in the first instance whether Talbot's allegations of moderate pain are credible in light of other objective evidence and if so, whether that level of pain affects the remainder of the analysis.