[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15097
Non-Argument Calendar

_____

D.C. Docket No. 2:10-cv-01807-AKK

EDDIE LEE RIGGS,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 14, 2013)

Before TJOFLAT, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

Eddie Lee Riggs appeals the district court's order affirming the Social

Security Administration's denial of his application for disability insurance benefits

and supplemental security income.

When, as in this case, the ALJ denies benefits and the Appeals Council denies review, we review the ALJ's "factual findings with deference" and her "legal conclusions with close scrutiny." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). We review the decision "only to determine whether it is supported by substantial evidence," which consists of "less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). "The burden is primarily on the claimant to prove that he is disabled, and therefore entitled to receive Social Security disability benefits." Doughty, 245 F.3d at 1278.

## I.

The ALJ concluded that Riggs has the residual functional capacity to perform unskilled light work. The light work level requires the ability to lift "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "a good deal of walking or standing, or when it involves sitting most of the time[,] . . . some pushing and pulling of arm or leg controls." 20 C.F.R § 404.1567(b). Riggs argues that his physical and mental impairments combined with his severe pain and side effects from medication render him unable to perform full-time light work.

2

A.

The ALJ considered Riggs' claimed heart problems and mental impairments in reaching her conclusion.  The record shows that Riggs has been treated for chest pains and hypertension on several occasions since 2000 and has been prescribed medication to control his blood pressure.[1]  At the hearing, Riggs claimed that he had two heart attacks, but did not produce any evidence to support that claim.  In March 2006, an x-ray of Riggs' chest was "unremarkable" and showed that his heart was not enlarged.  And an EKG taken in March 2007 showed some abnormalities, but Riggs was ruled out for myocardial infarction and did not have any chest pain at the time of his discharge.  There is no evidence in the record to support Riggs' contention that he cannot perform light work because of a cardiac condition.

Riggs also claims that his mental impairments prevent him from giving his full attention to anything.  An evaluation conducted in June 2009, however, showed that Riggs' mood and affect were stable and he had the cognitive ability "to understand, remember and follow through with simple, routine work instructions" and interact with co-workers.  The ALJ's conclusion that he was

---

[1] The district court noted that most of Riggs' hospitalizations occurred when he was not taking his prescribed medications.  Riggs argues that he should not be penalized by the court for his inability to afford his medication.  Riggs' argument misses the point because the ALJ did not base her conclusion that Riggs was not disabled on the fact that he had a history of noncompliance with his medications.

3

"with some minor restrictions . . . capable of functioning independently and being able to perform simple light work" was supported by substantial evidence.

### B.

Riggs argues that the ALJ should have taken into consideration his chronic neck and back pain.  In cases where "a claimant attempts to establish disability through his own testimony of pain or other subjective symptoms," we apply a three-part "pain standard" that requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).

The ALJ found that Riggs' allegations of chronic pain were not supported by evidence of an underlying medical condition.  The record shows that Riggs was admitted to the hospital after a car accident in October 2006.  Riggs rated his back and neck pain at an 8 out of 10, but x-rays showed that his spine was normal.  In March 2007 Riggs reported that he had been experiencing neck and back pain, but the examining doctor noted that he did not appear to be in distress.  Riggs' back was X-rayed again in April, 2009 and showed "minimal degenerative change," but no significant disc disease.  Riggs has never had any surgery, nor has any been recommended, to treat neck or back pain, and Riggs testified at the hearing that he

4

could do light house work.  There was substantial evidence for the ALJ to conclude that Riggs' ability to work was not impaired by chronic pain.

Riggs next argues that the ALJ did not properly consider the side effects associated with the medication he had been prescribed.  Riggs has presented evidence of the potential side effects of the medicine he has been prescribed, but he has presented no evidence that he actually experienced any of them.  Similarly, Riggs argues that the ALJ failed to consider his lack of manual dexterity, but he presented no evidence that he had any loss of manual dexterity other than the fact that he reported to his doctor in March 2007 that he experienced occasional numbness in his right hand.  It was not error for the ALJ to choose not to credit those claimed limitations in determining Riggs' residual functional capacity.

## II.

Riggs also argues that he is disabled because his cardiac problems qualify as a listed impairment.  See Doughty, 245 F.3d at 1278 ("[I]f the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience.").  Listing 4.02A, for chronic heart failure, requires that imaging show either diastolic failure with "septal thickness totaling 2.5 cm or greater" or systolic failure "with left ventricular end diastolic dimensions greater than 6.0 cm or ejection fraction of 30 percent or less."  20 C.F.R. Part 404, Subpt. P, App. 1, §

4.02A.  The record does not include any imaging evidence showing that Riggs'

heart condition meets either of those conditions.

Listing 4.04, for ischemic heart disease, requires that a claimant demonstrate

that he has a (1) limited exercise tolerance test; (2) three separate ischemic

episodes, each requiring revascularization or not amenable to revascularization; or

(3) coronary artery disease.  20 C.F.R. Part 404, Subpt. P, App. 1, § 4.04.  The

record does not show that Riggs meets any of those criteria.

**AFFIRMED.**