[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10047
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-01334-BJD-JBT

WENDY M. GRAHAM,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 5, 2015)

Before HULL, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Wendy Graham appeals the district court's affirmance of the Social Security Administration's denial of her application for disability insurance benefits (DIB), 42 U.S.C. § 405(g), and supplemental security income (SSI), 42 U.S.C. § 1383(c)(3).  Graham asserts the administrative law judge (ALJ) erred by determining she had the residual functional capacity (RFC) to perform all light duty work, despite also concluding her migraine and tension headaches were severe impairments.  After review,[1] we affirm.

Eligibility for SSI or DIB requires that the claimant is under a disability.  42 U.S.C. §§ 423(a)(1), 1382(a)(1)-(2).  In order to determine whether a claimant is disabled, the SSA applies a five-step sequential evaluation.  20 C.F.R. § 404.1520(a) (five-step evaluation for DIB); 20 C.F.R. § 416.920(a) (five-step evalution for SSI).  Under the first step, the claimant has the burden to show she is not currently engaged in substantial gainful activity.  *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  At the second step, the claimant must show she has a severe impairment or combination of impairments.  *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  At step three, the claimant has the opportunity to show she has an impairment that meets or equals the criteria contained in one of the Listings.  *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  At the fourth step, if the claimant's

---

[1] We review the ALJ's decision for substantial evidence, and the ALJ's application of legal principles *de novo*.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  We may not decide the facts anew, make credibility determinations, or re-weigh the evidence.  *Id.*

impairment cannot meet or equal the criteria in one of the Listings, the ALJ considers the claimant's RFC and the claimant's past relevant work to determine if she has an impairment that prevents her from performing her past relevant work. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  Finally, once a claimant establishes she cannot perform her past relevant work due to some severe impairment, the burden shifts to the Commissioner to show significant numbers of jobs exist in the national economy the claimant can perform.  *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

Further, a three-part "pain standard" applies when a claimant attempts to establish disability through her own testimony of pain or other subjective symptoms.  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).  The pain standard requires (1) evidence of an underlying medical condition; and either (2) objective medical evidence confirming the severity of the alleged pain; or, (3) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.  *Id.*

Substantial evidence supports the ALJ's determination Graham was not under a disability and, therefore, not entitled to DIB or SSI.  Although the ALJ concluded, at step two of the evaluation, that Graham's migraine and tension headaches were severe impairments, the existence of these impairments did not undermine the ALJ's determination, at step four, that Graham retained the RFC to

3

perform the full range of light exertional work. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (stating the mere existence of a "severe" impairment, as determined in step two, does not reveal the extent to which the impairment limits a claimant's ability to work); *see also McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) (concluding "the 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality").

Substantial evidence supports the conclusion Graham could perform all or substantially all the exertional demands for the light exertional level. The ALJ granted great weight to the RFC assessment and opinions affirming the assessment after determining they were well-supported by medically acceptable evidence, and adequately accounted for Graham's subjective allegations of symptoms. Nothing in the medical records contradicts the conclusion in the RFC assessment that Graham could (1) lift or carry 10 to 20 pounds; (2) walk, sit, or stand for 6 hours in an 8-hour workday; or (3) push or pull without limitation, excepting the 10 to 20 pound limitation. Although the ALJ commented during the hearing that Graham's condition included light sensitivity and insomnia, this comment did not amount to a formal determination. Rather, the ALJ explained to Graham there were jobs available to accommodate these claimed symptoms, and the ALJ concluded the

"nightmare" scenario would be to allow Graham to "languish."  The ALJ articulated the reasons for determining Graham's subjective complaints of pain were not fully credible, explaining the medical record was devoid of any objective clinical or laboratory findings to corroborate her subjective complaints.  *See Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (stating if the ALJ does not credit a claimant's testimony as to her pain, the ALJ must articulate explicit and adequate reasons for doing so).

Because the ALJ found Graham's subjective complaint of pain not fully credible, there was no error in relying exclusively on the Medical-Vocational Guidelines as the ALJ did not find Graham had a nonexertional impairment.  *See id.* at 1559 (stating exclusive reliance on the Medical-Vocational Guidelines is inappropriate when a claimant has a nonexertional impairment, such as pain, that significantly limits the claimant's basic work activities).  Thus, the ALJ did not err by relying solely upon the Medical-Vocational Guidelines to establish a determination of "not disabled."  *See id.* (stating if a claimant primarily suffers from an exertional impairment, without significant nonexertional factors, an ALJ may satisfy the fifth step through a straightforward application of the Medical-Vocational Guidelines).

**AFFIRMED.**