**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10501

Non-Argument Calendar

_____

BARRY L. VARNON,

*Plaintiff-Appellant,*

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

*Defendant-Appellee.*

_____

Appeal from the United States District Court

for the Northern District of Alabama

D.C. Docket No. 4:24-cv-00068-GMB

_____

Before JILL PRYOR, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Barry Varnon appeals the district court's order affirming the Social Security Administration Commissioner's denial of his claim for disability insurance benefits. On appeal, Varnon argues that the

Administrative Law Judge ("ALJ") erred by failing to consider the psychological causes of his pain, by failing to consider the symptoms experienced from pain medication, and by failing to address the limitations that accompany low testosterone levels in ALJ's residual functional capacity ("RFC") analysis. After careful review of the record, we conclude that the ALJ's determination is supported by substantial evidence, and we affirm.

## I.       FACTUAL AND PROCEDURAL HISTORY

Varnon applied for disability benefits on April 12, 2021, and claims that he was disabled as of December 24, 2020. He alleges that his carpal tunnel and pain in his shoulder blades, spine, and lower back prevent him from working.

Varnon relied on several medical records, some predating December 24, 2020, in support of his application. For example, Varnon relied on progress notes and diagnoses recorded by a pain specialist he visited after sustaining an injury from a fall in early 2014. At one visit, the doctor observed no abnormal findings for Varnon's psychiatric system but also noted the existence of other pain disorders related to psychological factors. At another visit, a pain specialist indicated that Varnon denied side effects from his pain medication but also noted that the medication made Varnon feel sick and did not help with his pain. And yet at another visit, progress notes indicated that Varnon reported drowsiness, forgetfulness, and sleepiness from taking the pain medication, but also noted that the medications helped Varnon function. Moreover, from at least 2014 to 2022, Varnon received testosterone boosters

due to decreased testosterone levels.  At times, Varnon reported low-energy to the urologists and fatigue to the pain specialists, but at other times, he denied having these symptoms.

Varnon's application was denied by the Social Security Administration initially and on reconsideration.  Varnon requested a hearing before an ALJ, which was held on January 23, 2023.  There, Varnon testified that he lost his job as a draftsman because he was inefficient at desk work due to the pain he experienced.  He also testified that he felt constant fatigue, felt increased pain, and had difficulty sleeping due to his low testosterone.  A vocational expert testified that a hypothetical person of Varnon's age, education, and work experience could perform a range of light work jobs, subject to various physical limitations.

Applying the five-step sequential disability evaluation required by 20 C.F.R. § 404.1520, the ALJ determined that Varnon was not disabled.  At step one, the ALJ found that Varnon had not engaged in substantial gainful activity since the alleged onset date of his disabling conditions.  At step two, the ALJ found that Varnon had the following severe impairments: disc protrusion at L5/S1 with stenosis, cervical degenerative disc disease, fibromyalgia, and low testosterone.  At step three, the ALJ concluded that Varnon's impairments did not meet the severity threshold of any of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 that would categorically qualify him for benefits.

Prior to proceeding to step four, the ALJ determined, after "consider[ing] all symptoms and the extent to which these

symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," that Varnon had the RFC to complete light work, subject to a few limitations. This was because Varnon's testimony and other allegations concerning his symptoms were "not entirely consistent with the medical evidence and other evidence in the record."

At step four, the ALJ concluded, based on the vocational expert's testimony, that Varnon could not continue his past construction, drafter, or building contractor work. At step five, the ALJ relied on the vocational expert's testimony to conclude that an individual with Varnon's RFC, work experience, education, and age could work other jobs besides his past professions. The ALJ, thus, concluded that Varnon was not disabled.

Varnon appealed the ALJ's decision to the Social Security Appeals Council, who declined to exercise jurisdiction over the case. The ALJ's decision is thus the final decision of the Commissioner.[1]

On January 22, 2024, Varnon filed in the district court a complaint for judicial review alleging that the ALJ failed to consider his psychological causes of pain, violated the pain standard by not considering all the evidence, failed to consider his low testosterone when creating RFC limitations, and failed to consider his medication's side effects.

---

[1] *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

The district court affirmed the Commissioner's decision. First, it held that Varnon did not allege a disabling psychological condition below, so the ALJ did not have to complete a psychiatric review of Varnon's alleged mental impairments or evaluate them under the pain standard. Second, the district court held that the ALJ's RFC determination accounted for Varnon's low testosterone and fatigue, and Varnon failed to cite to medical evidence proving another limitation is needed. And lastly, the district court held that the ALJ considered Varnon's complaints about his medications' side effects, and the record lacked evidence of these effects.

Varnon filed the present appeal.

## II.    STANDARD OF REVIEW

"We review de novo the legal principles upon which the Commissioner's decision is based." *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1268 (11th Cir. 2024) (citation modified). "However, we review the Commissioner's decision only to determine whether it is supported by substantial evidence." *Id.* at 1268-69 (citation modified). "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion. This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Id.* at 1269 (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "We will affirm the Commissioner's decision if it is supported by substantial evidence, even if the preponderance of the evidence weighs against

it." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021).

## III.    ANALYSIS

On appeal, Varnon raises the following two arguments: (1) that the ALJ did not properly consider Varnon's subjective symptoms and (2) that the ALJ did not properly consider Varnon's low testosterone.  We address each argument in turn.

### A.  Subjective Symptoms

With regards to his first argument, Varnon argues that the ALJ failed to consider the psychological sources of pain and the side effects of Varnon's pain medications in the ALJ's assessment of Varnon's subjective symptoms.

A claimant may seek to "establish a disability through his own testimony of pain or other subjective symptoms." *Dyer*, 395 F.3d at 1210.  When a claimant attempts to establish a disability in this manner, the Eleventh Circuit's three-part "pain standard" applies.  This standard requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Id.* (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).  Moreover, Social Security Ruling 16-3p requires "adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s)

25-10501          Opinion of the Court          7

that could reasonably be expected to produce those symptoms." SSR 16-3p, 81 Fed. Reg. 14166, 14167 (March 16, 2016).

"If an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding." *Malak v. Comm'r of Soc. Sec.*, 131 F.4th 1280, 1287 (11th Cir. 2025). For example, in *Raper*, we affirmed an ALJ's credibility determination about a claimant's subjective complaints of pain because the ALJ's decision reflected that he had properly considered the whole record, including the objective medical evidence, and the claimant's responses to agency questionnaires and hearing testimony. *Id.* at 1278-79. We held that the ALJ had adequately explained that he was partially discrediting the claimant's testimony because it was not entirely consistent with the medical records. *Id.* Similarly, in *Malak*, we affirmed the ALJ's application of the pain standard because substantial evidence, in the form of records showing that the claimant responded to treatment and did not complain to his doctors about side effects from medication, supported the ALJ's finding that side effects were not a significant problem. 131 F.4th at 1287.

Here, we conclude that the ALJ did not err in applying this Court's subjective pain standard and SSR 16-3p. In his written decision, the ALJ summarized Varnon's allegations of pain from various medical notes and discussed Varnon's hearing testimony regarding his symptoms, indicating the ALJ properly considered Varnon's subjective complaints of pain. Moreover, after the ALJ

concluded that Varnon's impairments could have reasonably caused some of Varnon's symptoms, he noted that Varnon's statements and other allegations concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. Specifically, the ALJ highlighted the inconsistencies between Varnon's alleged symptoms, the lack of progression in his condition, Varnon's retained abilities, and the lack of substantial change in Varnon's treatment plan.

Though the ALJ may not have acknowledged Varnon's psychological sources of pain or side effects from pain medication, substantial evidence supports the ALJ's conclusion. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole.") (citation modified); *see also Raper*, 89 F.4th at 1278. For example, notes from numerous pain specialists, mental health exams, and other findings that Varnon had no mental impairments confirm that Varnon's mental examinations were normal.[2] Indeed, at the

---

[2] Varnon argues that his psychological condition is a standalone claim that should be evaluated, but none of the documents Varnon submitted to the Social Security Administration in support of his disability claim include any complaints of a psychological condition as the source of his pain. Since Varnon did not allege a disabling psychological condition, the ALJ had no duty to consider it. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *see also Sullivan*

hearing before the ALJ, Varnon did not make any mention of a psychological disorder causing his pain and impairing his ability to work. Additionally, the same record confirms that while Varnon complained of side effects from his medication at some medical visits, he overwhelmingly denied that his medication had side effects at others. As such, we conclude that the ALJ's subjective-symptoms determination is supported by substantial evidence.

## B. RFC

Turning to the second argument, Varnon argues that the ALJ failed to account for Varnon's low testosterone, and its resulting fatigue, as a severe-impairment factor in Varnon's RFC.

The claimant's RFC is "the most [he] can still do despite [his] limitations." 20. C.F.R. § 404.1545(a)(1). An RFC includes "all of [the claimant's] medically determinable impairments" and is assessed "based on all of the relevant medical and other evidence." *Id.* § 404.1545(a)(2)-(3). Social Security Ruling 96-8p describes an RFC as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8P, 61 Fed. Reg. 34474, 34475 (July 2, 1996). The "assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.* "Consideration

---

*v. Comm'r of Soc. Sec.*, 794 F. App'x 670, 671 (11th Cir. 2017) (per curiam) (unpublished).

of all impairments, severe and non-severe, is required when assessing a claimant's RFC." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019).

Here, the record demonstrates that the ALJ considered Varnon's low testosterone and fatigue in determining the RFC. *See Schink*, 935 F.3d at 1268. Specifically, in the section about the RFC, the ALJ noted Varnon's testimony that "he was fatigued all the time" and later cited to urology records about Varnon's treatments for decreased testosterone. The ALJ concluded that Varnon's alleged symptoms were not entirely supported by the record's evidence, and low-testosterone-fatigue is one of these symptoms. We thus conclude that the ALJ did not fail to account for Varnon's low testosterone and the ALJ's RFC determination is supported by substantial evidence.

## IV.    CONCLUSION

For all these reasons, we conclude that the Commissioner's decision to deny Varnon's application for disability benefits was supported by substantial evidence. We thus affirm the district court's judgment upholding the Commissioner's decision

**AFFIRMED.**