[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15511
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-01101-EAJ

LISA L. COOPER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 6, 2013)

Before BARKETT, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Lisa Cooper, through counsel, appeals the district court's order affirming the

Social Security Administration's ("SSA") denial of her application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). She argues that the administrative law judge ("ALJ") erred by: (i) not assigning more weight to her treating physician's opinion and relying too heavily on the opinions of non-treating sources; (ii) not finding her testimony entirely credible; and (iii) determining that she had the residual functional capacity ("RFC") to do light work. We address each point in turn.

I.

Cooper, a 38 year-old female, applied for a period of disability, DIB, and SSI, alleging an onset date of December 31, 2007. She identified her disabling conditions as, *inter alia*,[1] lupus, joint pain, fatigue, headaches, muscle aches, digestive disorders, and blurred vision. Her application was denied initially and upon reconsideration. Thereafter, she requested a hearing before an ALJ.

Cooper's medical records indicate that from 2005 to 2009, she saw numerous physicians, was hospitalized for deep vein thrombosis ("DVT"), and took various prescribed medications, with varying degrees of efficacy. A number of Cooper's medical conditions stemmed from lupus, including persistent severe arthritis. Throughout the pendency of the proceedings, however, Cooper worked

---

[1] Cooper also claimed disability based on depression and anxiety, but because she expressly abandons all non-physical limitations on appeal, we do not address them here. *Carmichael v. Kellogg, Brown, & Root Serv., Inc.*, 572 F.3d 1271, 1293 (11th Cir. 2009)

2

part-time as a reservations specialist for a hotel chain, with earnings close to what would have been deemed substantial gainful activity ("SGA"). She worked at home and her employer allowed her to have a special schedule of short shifts interspersed with long breaks.

There were three assessments completed regarding Cooper's RFC. First, a single decision maker ("SDM") with the SSA, who was not a medical doctor, determined that Cooper's symptoms were due to a medically determined impairment, but the severity and duration was disproportionate to what would be expected, so the alleged limitations were only partly credible. Second, a physician, Dr. Bettye Stanley, who did not examine Cooper, determined that she was at least partially credible, and should be capable of working at a reduced level. Third, Cooper's treating physician, Dr. Elizabeth Warner, whose assessment attributed the lowest level of capacity, determined that Cooper's complaints were credible and consistent with the objective medical findings and diagnoses.

Following a hearing before an ALJ during which Cooper testified, her application was again denied. The ALJ found that she did have three severe impairments which significantly limited her ability to perform basic job tasks, but that none of those impairments, alone or in combination, met or medically equaled a listing. Notwithstanding Cooper's assertions, the ALJ gave substantial weight to part of her treating physician's opinion and less weight to other parts, stating that

3

those conclusions were not wholly supported by the record or the doctor's medical reports. The ALJ also discussed the other physician's RFC assessment and that of the SDM, whom the ALJ mistakenly referred to as a doctor. The ALJ ultimately decided that, based on all the evidence, Cooper had the RFC to perform light work, and concluded that her testimony was not credible to the extent that it conflicted with that determination.

After unsuccessfully seeking review from the Appeals Council, this appeal ultimately followed.

## II.

We review a Social Security case to determine whether the Commissioner's decision is supported by substantial evidence, and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). We do not re-weigh the evidence, decide facts anew, or make credibility findings. *Id.* Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). "In other words, substantial evidence is 'more than a mere scintilla.'" *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998) (citation omitted). The Commissioner's failure to apply the correct law, or provide us with sufficient reasoning for determining that the proper legal analysis has been conducted, mandates reversal. *Cornelius v. Sullivan*, 936 F.2d 1143,

1145-46 (11th Cir. 1991).

An individual who files an application for Social Security benefits must establish that she is disabled. *See* 20 C.F.R. § 416.912. The Social Security Regulations outline a five-step, "sequential" evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in SGA; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) whether, based on an RFC assessment, the claimant can perform any of her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform, given her RFC, age, education, and work experience. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–39 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(1), (4)(i)-(v).

The ALJ must state with particularity the weight given to different medical opinions and the reasons for doing so. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). The ALJ may reject a medical opinion if the evidence supports a contrary finding. *Id.* Nevertheless, a treating physician's opinion about the nature and severity of a claimant's impairment is generally given controlling weight if it is well supported and is not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2). A treating physician's opinion is given "substantial or

considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when: (1) the treating physician's opinion is not bolstered by the evidence; (2) evidence supports a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Id.* at 1240-41.

On this record, we cannot say that the ALJ erred in his treatment of the medical opinions in Cooper's case. First, as noted, the ALJ gave substantial weight to her treating physician's determinations that she: (1) was able to lift/carry up to 25lbs occasionally; (2) frequently use her hands and feet; (3) would need to lie down, recline, and take breaks frequently; and (4) would miss work at least twice monthly. While the ALJ did give "less weight" to that doctor's conclusions that Cooper could only sit for four hours and stand/walk for less than two hours, evidence supported the ALJ's decision to assign "less weight" to that portion of the opinion, as those conclusions were not fully supported by the record. Specifically, the evidence showed that Cooper currently was able to work about 20 hours a week, and all of her recent medical records indicated that her conditions had improved and stabilized such that this particular limitation was not fully credible. The ALJ specifically found that "longitudinal records of physical examination of the claimant mostly revealed clear lungs, normal heart sounds, normal respiratory movements, intact extremity motions, full motor/extremity strength, normal muscle

bulk/tone, a normal gait and a regular heart rate/rhythm. " Furthermore, the ALJ noted that Dr. Warner herself determined that Cooper's fatigue was "secondary to deconditioning and not due to the claimant's medical conditions." As this record evidence could be seen as raising doubt as to Dr. Warner's conclusions as to the length of time Cooper could work, the ALJ did not err in partially discounting a portion of the treating physician's opinion.

Second, the ALJ did not give undue weight to the opinion of the non-examining doctor, Dr. Stanley, and any undue reliance on the SDM's opinion was harmless. The record demonstrates that the ALJ did not unconditionally adopt those non-treating opinions because the ALJ found that Cooper was *more* limited than those opinions concluded, determining that she could only perform light work due to limitations caused by her lupus and arthritis. Moreover, even if the non-examining doctor was unable to review all of Cooper's medical records before making her RFC determination, she cited several portions of the record in support of her conclusions, and the ALJ, who made the ultimate determination, had access to the entire record as well as Cooper's testimony.

Although, as Cooper correctly notes, the ALJ mistakenly referred to the SDM as a doctor and should not have given any weight to her opinion because she was merely an SDM, any error in this regard was harmless because the ALJ stated that he considered *all* of the evidence in the record, which also included opinions

by Cooper's treating physician and the non-examining physician, both of whom were medical doctors and there is nothing to indicate that the opinion of the SDM was anything more than cumulative of other evidence, let alone dispositive.

III.

A three-part "pain standard" applies when a claimant attempts to establish disability through her own testimony of pain or other subjective symptoms. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The pain standard requires (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Id.*; *see also Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). This standard also applies to complaints of subjective conditions other than pain. *Holt*, 921 F.2d at 1223.

A reversal is warranted if the ALJ's decision contains no evidence of the proper application of the three-part standard. *Id.*; *see also Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). However, the ALJ does not have to recite the pain standard word for word; rather, the ALJ must make findings that indicate that the standard was applied. *Cf. Holt*, 921 F.2d at 1223; *Brown*, 921 F.2d at 1236. When a claimant testifies to subjective complaints of pain, the ALJ must clearly

articulate adequate reasons for discrediting the claimant's allegations of disabling symptoms. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

Here, the ALJ did not err in his assessment of Cooper's credibility, and the decision shows that the pain standard was applied. First, the ALJ determined, based on the evidence, that Cooper had several underlying medical conditions including lupus, arthritis, DVT, and migraines. Although the ALJ found that those conditions could be expected to cause pain and significantly limit her ability to perform basic job tasks, he did not fully credit Cooper's testimony regarding the disabling effects of that pain. In support of his decision, the ALJ referenced treatment records indicating that Cooper's conditions had overall improved or stabilized with medical care. In support of his decision, the ALJ referenced treatment records which contradicted Cooper's claims that her conditions and associated pain were worsening. Specifically, the records showed that Cooper's conditions had overall improved according to objective measures and tests, and also included Cooper's own assertions to her doctors that her pain was lessening and her symptoms improving. In sum, substantial evidence supported the ALJ's decision, and the ALJ clearly articulated adequate reasons for his credibility determination.

## IV.

An ALJ is not required to refer specifically to each piece of evidence in the

9

record, but must sufficiently explain the weight given to "obviously probative exhibits." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). The claimant bears the burden of proving that she is disabled, and, thus, is responsible for producing evidence to support her claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Considered at step four of the sequential analysis used in an ALJ's disability determination, "[t]he residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite [her] impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also* 20 C.F.R. § 404.1545(a), [20 C.F.R. § 416.945(a)]. Even if a claimant's current employment status is not at the level of SGA, it may indicate that she is able to do more work. *See* 20 C.F.R. § 404.1571. The ALJ makes this determination by considering the claimant's physical, mental, and other abilities affected by the impairments. 20 C.F.R. § 404.1545(b)-(d), [20 C.F.R. § 416.945(b)-(d)]. "To determine the physical exertion requirements of work in the national economy, [the Commissioner classifies] jobs as sedentary, light, medium, heavy, and very heavy." 20 C.F.R. § 404.1567, [20 C.F.R. § 416.967].

As defined by the regulations:

[L]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when

10

it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b), [20 C.F.R. § 416.967(b)]; *see also Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987).

Ultimately, substantial evidence supported the ALJ's determination that Cooper had the RFC to perform light work. The overall tone of Cooper's medical records indicated that, although, sadly, she continued to have several ongoing conditions to manage, her symptoms had generally improved and were responsive to treatment. Recent treatment notes from Cooper's main physicians indicated that her headaches, stomach problems, chest pain, and joint issues had generally improved, with no abnormalities detected during physical examinations and laboratory findings that were indicative of improved health regarding her lupus and arthritis. The ALJ also properly noted that Cooper's continuing employment at near-SGA levels, which she does not dispute, may suggest that she could "do more work than [she] actually did." 20 C.F.R. § 404.1571. Despite Cooper's assertions to the contrary, the ALJ stated that he considered the record in its entirety, and he was not required to discuss every piece of evidence in denying her application for disability benefits. *Cowart*, 662 F.2d at 735.

Upon review of the administrative record, the district court record, and the parties' briefs, we find no error.

11

**AFFIRMED.**