[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13826
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-01275-JBT

MARTHA BOGERT POWELL,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 11, 2014)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Martha Powell appeals the magistrate judge's order affirming the Social

Security Administration's (SSA) denial of her application for supplemental security income.  On appeal, she argues that the administrative law judge (ALJ) improperly applied the pain standard and did not articulate specific and adequate reasons for discounting her testimony about her pain.

We review the Commissioner's decision in order to determine whether it is supported by substantial evidence, and whether the Commissioner applied proper legal standards.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Substantial evidence is "more than a scintilla" and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Id.*  We will not reweigh the evidence and decide facts anew, and must defer to the ALJ's decision if it is supported by substantial evidence even if the evidence may preponderate against it.  *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

The Commissioner uses a five-step, sequential evaluation process to determine whether a claimant is disabled.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  This process includes an analysis of whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe and medically determinable impairment; (3) has an impairment, or combination thereof, that meets or equals a Listing, and meets the duration requirement; (4) can perform her past relevant work, in light of her residual functional capacity (RFC);

and (5) can make an adjustment to other work, in light of her RFC, age, education, and work experience. *Id.*; 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

In order to show a disability based on subjective pain testimony, "the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise" to the claimed symptoms. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). Under Social Security regulations, the ALJ follows a two-step analysis in considering a claimant's complaints: first, determining whether there is an underlying medically determinable impairment that could reasonably be expected to cause the claimant's pain or other symptoms; and second, once a claimant has established an impairment that could reasonably produce her symptoms, the ALJ evaluates the intensity and persistence of the symptoms and their effect on the claimant's work. 20 C.F.R. § 416.929(a), (c).

In weighing the evidence, credibility determinations "are the province of the ALJ." *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). However, if the ALJ discredits the claimant's subjective testimony, the ALJ "must articulate explicit and adequate reasons for doing so"; failure to do so "requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225. The

ALJ need not consider every piece of evidence, so long as it considers the claimant's "medical condition as a whole" and its conclusion "as a whole [is] supported by substantial evidence." *Dyer*, 395 F.3d at 1210–11. Although we do not "require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) (quotation omitted) (alteration in original).

To the extent that Powell argues that the magistrate judge's statements that neither he nor the ALJ was a doctor in some way abrogated the pain standard, this argument is meritless. The magistrate judge's comments explained why he and the ALJ concluded that there was no objective medical evidence to confirm the severity of her pain, because they were not doctors and could not look at the raw MRI tests and say that the tests were proof that Powell absolutely had pain and that confirmed the severity of her conditions. Powell's arguments regarding whether she showed an objectively determined medical condition severe enough that it could be expected to cause her alleged pain are also meritless because neither the ALJ nor the magistrate judge made an adverse finding on this issue.

Powell's remaining argument appears to be that the ALJ erred in finding her allegations of pain not credible. First, even though the ALJ concluded that Powell's impairments could reasonably cause her symptoms and pain, the ALJ was still permitted to find her statements regarding her pain not credible to the extent

4

that they conflicted with her RFC of limited sedentary work. *See Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) ("It would have been within the ALJ's discretion to determine, after listening to [the claimant's] testimony, that her claims of pain and other symptoms were not credible."). The ALJ noted that Powell presented little objective findings to support physical disability, and referenced several medical records showing negative straight leg tests, full grip strength, full strength in her extremities, no spasms, a normal range of motion in her spine, and a normal range of motion in her neck. The ALJ noted that the record did not support specific limitations for her alleged hand numbness or need to take excessive work breaks, that Powell lived independently and was able to drive, and that Powell did not present any opinions from a treating or examining physician indicating that she was disabled or had limitations greater than those reflected in the RFC. Thus, the ALJ articulated explicit and adequate reasons for discrediting Powell's subjective testimony about her pain to the extent that her alleged symptoms conflicted with her RFC. *Wilson*, 284 F.3d at 1225; *Dyer*, 395 F.3d at 1210.

Moreover, this credibility determination is supported by substantial evidence. *See Dyer*, 395 F.3d at 1210–11. The ALJ's decision is supported by medical records and two physical RFC assessments performed by state agency doctors. There is no legal support for Powell's contention that the ALJ should have called a medical expert to explain her records, symptoms, or alleged pain.

5

There is no indication that the ALJ did not understand Powell's medical records, and the record does not show that the ALJ discredited Powell's testimony due to any such lack of understanding.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**